Stuart M. BENOIT, Petitioner— Appellant,

v.

Robert O. LAMPERT, Respondent— Appellee.

No. 02–35113.

D.C. No. CV–00–00225–JJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 2003.

Decided March 28, 2003.

Before WALLACE, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM*

Benoit appeals from the district court's order denying his petition for habeas corpus based on the alleged ineffectiveness of his counsel, Taub. The district court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction over his timely appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002). We affirm.

The Oregon courts properly applied the correct governing legal principle from the Supreme Court's decisions in that to prevail, Benoit must prove prejudice under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove prejudice, Benoit had to demon-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

strate that there is a reasonable probability that, but for Taub's alleged unprofessional errors, the results of the proceeding would have been different. Benoit has failed to prove Taub could have done something to change the District Attorney's plea offer or that Benoit would not have accepted the District Attorney's plea offer under other circumstances. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Benoit admitted to the police that he had inappropriate sexual contact with three of the five minors that were the subject of the indictment. He also admitted to the mother of one of the victims that he had seen her daughter's breasts and had "showered" another girl. At his sentencing, each of his victims, and her parents, were present to testify against Benoit. Although one girl had apparently recanted her statement of Benoit's abuse, and another had expressed her desire not to press charges, the magistrate judge pointed out that Benoit did not prove that "B.S. and J.G. would not have testified to the facts consistent with those they gave when filing police reports. Petitioner has not provided this court with affidavits from any of the victims stating the abuse they initially complained of never happened, or that they would not have testified against petitioner had the case actually gone to trial."

Benoit's petition for relief did not allege that Taub lied about sentencing consequences, and the district court concluded that Benoit procedurally defaulted his claim that Taub coerced him into pleading guilty by threatening the arrest of his daughter. Although Benoit requested that the certificate of appealability include the question whether his claims are procedurally defaulted, the certificate of appealability was granted only as to whether Benoit had proved ineffective assistance of counsel. We therefore do not address this issue.

Benoit must prove by clear and convincing evidence that but for Taub's alleged failure to investigate his case he would not have plead guilty. But there is substantial evidence in the record that the outcome would not have been different.

In the alternative, Benoit argues that we should remand to the district court for an evidentiary hearing at which he might develop evidence to support his claim. This is barred by 28 U.S.C. § 2254(e)(2) ("If the applicant has failed to develop the factual basis of a claim in State court proceedings," the district court's power to grant a hearing is limited).

Benoit argues that Taub's alleged failure to investigate prevented him from learning of the potential exculpatory value of the fact that two of the victims might have recanted their initial statements inculpating Benoit. Yet Benoit was aware of the recantations before he plead guilty.

Having failed to make even a cursory showing of prejudice, Benoit's *Strickland* claim fails, and the district court is therefore AFFIRMED.